IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## THE PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTIONS TO PERSONAL INJURY CLAIMS

The PCT[2] moves the Court for entry of an order withdrawing the reference with respect to the PCT's objections to the following personal injury claims:  (i) the PCT's objections to personal injury claims filed by Richard J. Adamcik and David Milstead, as set forth in the *PCT's Fiftieth Omnibus Objection to Claims*, attached hereto as <u>Exhibit 1</u>; (ii) the PCT's objections to personal injury claims filed by Richard J. Adamcik and Michael D. Martin Sr., as set forth in the *PCT's Fifty-First Omnibus Objection to Claims*, attached hereto as <u>Exhibit 2</u>; and (iii) all three claims set forth in the *PCT's Sixty-Fourth Omnibus Objection to Claims*, attached hereto as <u>Exhibit 3</u> (collectively, the "Claims").  Together with this motion, the PCT has filed a motion for a determination by the United States Bankruptcy Court for the District of Delaware that the objections to these claims are non-core proceedings.  In support of its motion, the PCT respectfully states as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  Venue of this chapter 11 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The PCT's

---

[1]  The former Debtors whose cases are still open are Core-Mark International, Inc. and Fleming Companies, Inc.

[2]  The PCT is a trust created pursuant to the Debtors' Amended and Official Committee of Unsecured Creditors' Third and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004.  The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

underlying objections to the personal injury claims are non-core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

2.      The statutory bases for the relief requested herein are 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 157(d).

### Background

3.      On April 1, 2003, the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable. *See* Art. V.G.3. The PCT is responsible for resolving all prepetition claims asserted against the Debtors' estates. *See* Art. X.G.1. The PCT must raise any objections to prepetition claims asserted against the Debtors' estate by December 21, 2007. (D.I. 13478).

4.      The Claims subject to this motion all arise from alleged personal injuries suffered in the prepetition period. All of the claimants assert damages against the Debtors' estates, but none filed with their claims sufficient information to support the extent of their alleged injuries.

5.      Accordingly, the PCT contacted and attempted to informally obtain such information directly from the claimants subject to this motion (or, where appropriate, counsel) (collectively, the "Claimants").[3] The majority of Claimants responded to the PCT's request by producing additional evidence to support their respective claims. Where the Claimants did not respond, the PCT obtained additional evidence and analysis from the Debtors' insurer. This evidence, however, was generally insufficient to support the Claims at the alleged amounts. Accordingly, while the PCT could not allow the Claims in the amounts asserted, it did offer to allow the claims in (at least) the amount supported by the documentation the Claimants provided.[4] None of the Claimants accepted

---

[3]  Notably, the PCT was able to resolve the vast majority of its nearly 160 personal injury claims by simply obtaining information from its claimants and making reasonable settlement offers.

[4]  The PCT has a fiduciary duty to its beneficiaries to evaluate claims asserted against the Debtors' estates and ensure that they are allowed in an amount supported by fact and law.

the PCT's settlement offers, nor did they make counteroffers. And the PCT has not since received any additional evidence from any of the Claimant that would justify increased settlement offers. With the negotiations at an impasse, the PCT is left with no choice other than to object to the Claims.

6.      That said, the PCT would like to avoid needlessly spending its beneficiaries' money litigating the Claims -- particularly in light of the fact that the Claims will be paid at pennies on the dollar. Accordingly, at the initial status conference addressing the Claims, the PCT will request that the Court order the parties to mediation to attempt to resolve the claims. The PCT believes that a mediator well versed in both bankruptcy and tort law could facilitate a settlement at a minimal cost to both parties. In short, because these claims are unsecured and will receive only partial distribution on any allowed amount, the PCT believes it is in all parties' best interests to attempt mediation before engaging in a lengthy litigation.

### Relief Requested and Basis for Relief Requested

7.      The matters addressed by the PCT's objection to personal injury claims are outside of the bankruptcy court's core jurisdiction. By this motion, the Debtors seek an order withdrawing the reference with respect to the PCT's objections so that it may obtain a final judgment with respect to the personal injury claims.[5]

8.      Congress has specifically enumerated the matters over which the bankruptcy courts -- courts of limited jurisdiction -- may preside. *See* 11 U.S.C. § 157(b)(1). It also has excluded specifically certain matters from the bankruptcy court's jurisdiction, including "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B). The PCT's objection to personal injury claims falls precisely in the category of matters Congress has excluded from bankruptcy court jurisdiction.

---

[5]   The PCT's motion for a determination that its objections to the personal injury claims are non-core matters requests, as an alternative to a finding that the objection is non-core, that the Bankruptcy Court make proposed findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1), which findings and conclusions may be submitted to this Court for order or judgment.

9.     When the bankruptcy court does not have jurisdiction over a matter, Congress allows the district court to withdraw the reference of that matter "for cause shown." 28 U.S.C. § 157(d) (stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). In the case of personal injury claims, Congress goes so far as to require that the claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). Here, where Congress has specifically directed the district court to try personal injury claims, withdrawal of the reference is proper. *See In re Northwestern Corp.*, No. 03-12872 CGC, 2004 WL 1044383, at *1 (D. Del. April 29, 2004) (Farnan, J.) (a true and correct copy of the *Northwestern* decision is attached hereto as Exhibit 4).

10.     Interests of judicial economy also favor the withdrawal of this matter to the district court. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting that considerations of judicial economy, including ensuring the economical use of resources and expediting the resolution of bankruptcy cases, are relevant in determining whether permissive withdrawal is warranted). Resolving the claims in this District will allow the PCT -- a liquidating trust -- to resolve its unsecured personal injury proofs of claim in one forum, as contemplated by the claims resolution process set out in the Bankruptcy Code. This will allow the PCT to hire just one local counsel and to take advantage of the relatively expedited claims resolution process. State court litigation, on the other hand, would require the PCT to hire counsel in multiple states and to engage in what would likely be years of lengthy litigation, significantly delaying the wind-down of the Debtors' estates. *See In re Pruitt*, 910 F.2d at 1168. The PCT believes that the expedited claims objection process in this District -- as contemplated by 11 U.S.C. § 502 -- is the most efficient manner to deal with the Claims.

11.     In addition, because the Claims are unsecured and will receive only partial distribution on any allowed amount, it is in all parties' best interests to forego lengthy litigation of the Claims if at all possible. Accordingly, the PCT requests that mediation be ordered as an initial step to resolving the Claims.

**Notice And No Previous Request**

12.    Notice of this Motion has been given to: (i) the United States Trustee; (ii) the Claimants; and (iii) those persons who have requested notice pursuant to the Court's October 20, 2004 order limiting service. (D.I. 9696). In light of the nature of the relief requested herein, the PCT submits that no other or further notice is required.

13.    No previous request for the relief sought herein has bee made to this or any other court.

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, withdrawing the reference to the United States Bankruptcy Court for the District of Delaware with respect to the PCT's objections to the Claims, and granting such other and further relief as is just and proper.

Dated: June 11, 2007

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Responses Due: February 20, 2006** |
| | ) | **Hearing Date:  February 27, 2006 at 9:30 a.m.** |
| | | **Prevailing Eastern Time** |

## THE PCT'S FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The Post Confirmation Trust ("PCT")[2] objects to the 94 claims listed on the attached

exhibits because:  (i) 21 of the claims are duplicative of claims previously filed in these cases,

(ii) 35 of the claims have been amended or superceded by a subsequently filed claim in these

cases, (iii) 36 of the claims were filed without any supporting documentation and (iv) 2 of the

claims were filed against a debtor entity not a party to these proceedings.  In support of its

objection, the PCT respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over the Fiftieth Omnibus Objection pursuant to

28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(A) and (O).

---

[1]     The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2]     The PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code and the Post-Confirmation Trust Agreement dated August 19, 2004 (the "Plan").  The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

2.    The bases for the relief requested are 11 U.S.C. §§ 105(a) and 502, and Federal

Rule of Bankruptcy Procedure 3007 and Bankruptcy Local Rule 3007-1.

## BACKGROUND

3.    On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for

relief under Chapter 11 of the United States Bankruptcy Code.

4.    On July 27, 2004, this court entered an order confirming the Plan, which became

effective on August 23, 2004.  On the Plan's effective date, the cash and other assets of the

Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as

applicable.  See Art. V.G.3.  The PCT has the authority under the Plan to bring this Fiftieth

Omnibus Objection.  See Plan at Art. X.A.

## THE OBJECTION AND REQUEST FOR RELIEF

5.    The PCT objects to and seeks the disallowance of 94 duplicate, amended,

unsupported and non-debtor entity claims.  The facts in support of this objection are set forth in

the *Affidavit of John Franks in Support of the PCT's Fiftieth Omnibus Objection to Claims (Non-*

*Substantive),* filed concurrently herewith.

### The Duplicate Claims

6.    The PCT objects to the 21 Duplicate Claims listed on Exhibit A hereto pursuant to

section 502(b)(1) of the Bankruptcy Code because each of these claims is duplicative of another

claim (or a portion thereof) currently pending in these Chapter 11 cases against the same or a

different Debtor.  Courts routinely disallow duplicative claims filed by the same creditor against

the same debtor.  See In re Orion Refining Corp., 317 B.R. 660, 664 (Bankr. D. Del. 2004)

(expunging duplicate claim).  And in this case, where the Plan and Confirmation Order each

provide that any claim asserted against multiple Debtors is deemed a single obligation of the

consolidated estates, it is appropriate for the Court to disallow duplicative claims filed by the

2

same creditor against different, but substantively consolidated, debtors. See Confirmation Order, ¶ 25; Plan at Art. V.A. Based on the foregoing, the PCT seeks entry of an order (i) disallowing each Duplicate Claim listed on Exhibit A and (ii) leaving unaffected each "Remaining Claim" listed on Exhibit A.

### The Amended Claims

7.    The PCT objects to the 35 Amended Claims listed on Exhibit B pursuant to section 502(b)(1) of the Bankruptcy Code because each of the Amended Claims has been amended by a subsequently filed claim currently pending in these bankruptcy cases. See Del. Bankr. L.R. 3007-1(d) (contemplating objections to amended or superseded claims). Specifically, the PCT seeks the entry of an order (i) disallowing each "Amended Claim" listed on Exhibit B and (ii) leaving unaffected each "Remaining Claim" listed on Exhibit B. Where a creditor has filed different documentation in support of the "Amended Claim" and the "Remaining Claim," the PCT will treat all filed documentation as having been filed in support of the "Remaining Claim."

### The Undocumented Claims

8.    The PCT objects to the 36 Undocumented Claims listed on Exhibit C because the claimants asserting these claims have not filed any documentation in support of their respective claims. Failure to attach supporting documentation to a proof of claim is objectionable for two reasons. First, a claimant asserting a claim against a debtor's estate must allege sufficient facts to support its claim. In re Int'l Wireless Comm. Holdings, Inc., 257 B.R. 739, 742 (Bankr. D. Del. 2001). If a claimant alleges sufficient facts, its claim is afforded *prima facie* validity, and the debtor must then offer evidence in rebuttal of the claim. Id. But where a claimant fails to attach sufficient documentation, its claim cannot be afforded *prima facie* validity and is subject to disallowance upon objection. See In re Henry, 311 B.R. 813, 817 (Bankr. W.D. Wa. 2004)

<div align="center">3</div>

(recognizing that failure to attach documentation "negates the *prima facie* validity of a claim").

Because the claimants subject to this objection filed no documents in support of their respective

claims, their claims cannot be afforded *prima facie* validity and should be disallowed.

9.      Second, Bankruptcy Rule 3001(c) requires, in pertinent part, that "when a claim,

or an interest in property of the debtor securing the claim, is based on a writing, the original or a

duplicate shall be filed with the proof of claim." Fed. R. Bankr. Proc. 3007(c); see also In re MK

Lombard Group I, Ltd., 301 B.R. 812, 815 (Bankr. E.D. Pa. 2003) (finding that a one page proof

of claim, indicating "Other" as its basis but failing to provide any explanation or attach any

documents was "seriously deficient"). Failure to attach such documentation is grounds for

disallowance. See id. at 819.

10.     Notwithstanding the claimants' failure to provide documents supporting their

respective claims, the PCT has made a good faith effort to locate evidence of *any* amounts they

owe to the claimants set forth on Exhibit C. No such evidence has been located. See Franks

Affidavit.

11.     Accordingly, the PCT seeks entry of an order disallowing the Undocumented

Claims listed on Exhibit C.

### The Wrong-Debtor Claims

12.     The PCT objects to the 2 Wrong-Debtor Claims listed on Exhibit D hereto

pursuant to Delaware Bankruptcy Local Rule 3007-1(d)(ii) because these claims were filed in the

wrong case. The claims at issue appear to be intended for cases filed by (i) Fleming Packaging

Corporation and (ii) Foodland Market. Neither entity is a Debtor in this matter. Accordingly,

the Wrong-Debtor Claims are not liabilities of the Debtors. Therefore, the PCT requests entry of

an order disallowing and expunging the Wrong-Debtor Claims listed on Exhibit D.

4

**RESERVATION**

13.    The PCT reserves the right, upon obtaining leave (where necessary), to formally reply to any written response filed with respect to this objection. The PCT also reserves the right, consistent with the local rules of this district, orders of the Court, and any other applicable law, to amend, modify and/or supplement this objection. Finally, the PCT expressly reserves any rights it may have to exercise its right of setoff against the holders of claims subject to this objection.

**NOTICE**

14.    The PCT's noticing agent, Bankruptcy Management Corporation, will serve copies of this objection (with all exhibits) on (a) claimants with pending claims subject to the Fiftieth Omnibus Objection; (b) the Office of the United States Trustee; and (c) those who have requested special notice pursuant to the Court's October 20, 2004 order limiting service. [Docket No. 9696]. As a result, notice of this Fiftieth Omnibus Objection is sufficient under Rule 3007 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware and no further notice is necessary.

15.    This Fiftieth Omnibus Objection and its related exhibits comply with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

DOCS_LA:148143 1

**NO PREVIOUS REQUEST**

16.     No previous request for the specific relief set forth herein has been made to this or

any other court.

WHEREFORE, the PCT respectfully requests that the Court disallow and expunge the

duplicate, amended, undocumented and non-debtor entity claims set forth on the exhibits hereto

and grant any further relief deemed just and equitable.

Dated: December 29, 2005

<div style="margin-left: 40%;">

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

_Scotta M. Farland_

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone: (302) 652-4100
Facsimile: (312) 652-4400

          and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
Christina M. Moore (CA Bar No. 235062)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500


Co-Counsel for the Post Confirmation Trust

</div>

6

50th Omnibus

In re: Fleming Companies, In  et al .
Case No. 03-10945 (MFW)
(Jointly Administered)

## A
## Duplicate Claims

| Name and Address of Claimant | Duplicate Claim Number | Remaining Claim Number | Duplicate Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| BERNER FOODS INC<br>225 W WACKER DR<br>WILDMAN HARROLD ALLEN & DIXON<br>CHICAGO, IL 60606 | 4397 | 1462 | $9,298.90 | $0.00 | $0.00 | $0.00 | $9,298.90 | $9,289.90 | $0.00 | $0.00 | $0.00 | $9,289.90 | Duplicate claim. |
| CARDS N SUCH<br>603 E 70TH AVE<br>UNIT 4<br>DENVER, CO 80229 | 6626 | 6623 | $0.00 | $0.00 | $0.00 | $8,442.97 | $8,442.97 | $0.00 | $0.00 | $7,213.05 | $8,442.97 | $15,656.02 | Duplicate claim. |
| CH GUERNSEY & CO<br>PO Box 96 0012<br>OKLAHOMA CITY, OK 73196-0012 | 6244 | 3346 | $0.00 | $0.00 | $0.00 | $11,500.00 | $11,500.00 | $0.00 | $0.00 | $0.00 | $20,760.00 | $20,760.00 | Duplicate claim. |
| CITICAPITAL COMMERCIAL LEASING CORP<br>GELCO CORP D/B/A GE FLEET SERVICES<br>PO Box 788<br>FARR BURKE GAMBACORTA & WRIGHT<br>BELLMAWR, NJ 08099-0788 | 15326 | 16919 | $0.00 | $0.00 | $0.00 | $183,704.72 | $183,704.72 | $0.00 | $0.00 | $0.00 | $183,704.72 | $183,704.72 | Duplicate claim. |
| COLUMBUS WAVERLY SQUARE LLC<br>DEWITT RICKLIS JR<br>17 MAIN ST<br>3RD FL<br>AMSOUTH BANK<br>COLUMBUS, MS 39701 | 4070 | 1261 | $0.00 | $0.00 | $0.00 | $2,670,866.88 | $2,670,866.88 | $0.00 | $0.00 | $2,670,866.88 | $2,670,866.88 | $2,670,866.88 | Duplicate claim. |
| FILMART<br>4111 GLENWOOD RD<br>BROOKLYN, NY 11210 | 15361 | 822 | $0.00 | $47,484.00 | $0.00 | $0.00 | $47,484.00 | $0.00 | $0.00 | $0.00 | $160,001.80 | $160,001.80 | Duplicate claim. |
| GORODKHOVSKAYA, ELEANOR<br>4273 W CHERRYWOOD LN<br>BROWN DEER, WI 53209-1005 | 15327 | 6541 | $0.00 | $4,911.21 | $0.00 | $0.00 | $4,911.21 | $0.00 | $0.00 | $4,911.21 | $4,911.21 | $9,822.42 | Duplicate claim. |
| HARVEST MEAT CO<br>4602 W INDIAN SCHOOL RD<br>PHOENIX, AZ 85031 | 13177 | 4034 | $0.00 | $7,842.59 | $0.00 | $0.00 | $7,842.59 | $0.00 | $0.00 | $0.00 | $7,842.59 | $7,842.59 | Duplicate claim. |
| HUBISCH WHOLESALE<br>605 E 70TH AVE<br>#4<br>DENVER, CO 80229 | 6627 | 6625 | $0.00 | $0.00 | $0.00 | $8,442.97 | $8,442.97 | $0.00 | $0.00 | $0.00 | $8,442.97 | $15,656.02 | Duplicate claim. |

* Duplicate Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

Page 1

50th Omnibus

## A
## Duplicate Claims

In re: Fleming Companies, In . et al.,
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Duplicate Claim Number | Remaining Claim Number | Duplicate Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| SSI AMERICAS INC<br>PO Box 60578<br>CHARLOTTE, NC 28260 | 5286 | 1085 | $0.00 | $0.00 | $0.00 | $13,356.00 | $13,356.00 | $0.00 | $0.00 | $0.00 | $84,065.52 | $84,065.52 | Duplicate claim. |
| SSI AMERICAS INC<br>3585 ENGINEERING DR<br>STE 200<br>NORCROSS, GA 30092 | 5287 | 1085 | $0.00 | $0.00 | $0.00 | $26,998.32 | $26,998.32 | $0.00 | $0.00 | $0.00 | $84,065.52 | $84,065.52 | Duplicate claim. |
| SSI AMERICAS INC<br>PO Box 60578<br>CHARLOTTE, NC 28260 | 5288 | 1085 | $0.00 | $0.00 | $0.00 | $44,071.20 | $44,071.20 | $0.00 | $0.00 | $0.00 | $84,065.52 | $84,065.52 | Duplicate claim. |
| SSI AMERICAS INC<br>3585 ENGINEERING DR<br>STE 200<br>NORCROSS, GA 30092 | 5289 | 1085 | $0.00 | $0.00 | $0.00 | $548.00 | $548.00 | $0.00 | $0.00 | $0.00 | $4,065.52 | $4,065.52 | Duplicate claim. |
| SWEETWATER FARMS<br>135 CESSOLA RD<br>INMAN, KS 67546 | 9866 | 8548 | $0.00 | $0.00 | $0.00 | $5,369.40 | $5,369.40 | $0.00 | $0.00 | $0.00 | $5,369.40 | $5,369.40 | Duplicate claim. |
| TAMANSARI BEVERAGE LTD<br>6920 HAYVENHURST AVE #203<br>VAN NUYS, CA 91406 | 14151 | 478 | $0.00 | $0.00 | $0.00 | $12,006.00 | $12,006.00 | $0.00 | $0.00 | $12,006.00 | $0.00 | $12,006.00 | Duplicate claim. |
| TAMANSARI BEVERAGE LTD<br>6920 HAYVENHURST AVE #203<br>VAN NUYS, CA 91406 | 14152 | 478 | $0.00 | $0.00 | $0.00 | $12,006.00 | $12,006.00 | $0.00 | $0.00 | $12,006.00 | $0.00 | $12,006.00 | Duplicate claim. |
| TAMANSARI BEVERAGE LTD<br>6920 HAYVENHURST AVE #203<br>VAN NUYS, CA 91406 | 15153 | 478 | $0.00 | $7,038.00 | $0.00 | $0.00 | $7,038.00 | $0.00 | $0.00 | $12,006.00 | $0.00 | $12,006.00 | Duplicate claim. |
| TAMANSARI BEVERAGE LTD<br>6920 HAYVENHURST AVE #203<br>VAN NUYS, CA 91406 | 15154 | 478 | $0.00 | $4,968.00 | $0.00 | $0.00 | $4,968.00 | $0.00 | $0.00 | $12,006.00 | $0.00 | $12,006.00 | Duplicate claim. |
| TEXAS COFFEE CO<br>PO Box 31<br>BEAUMONT, TX 77704 | 15416 | 2278 | $0.00 | $13,574.52 | $0.00 | $0.00 | $13,574.52 | $0.00 | $0.00 | $0.00 | $13,574.52 | $13,574.52 | Duplicate claim. |

* Duplicate Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

50th Omnibus

In re: Fleming Companies, In. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## A

## Duplicate Claims

| Name and Address of Claimant | Duplicate Claim Number | Remaining Claim Number | Duplicate Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| THE ULLMAN COMPANY UNIVERSITY MANAGEMENT/PO Box 913 HACKETTSTOWN, NJ 07840 | 18421 | 6835 | $0.00 | $0.00 | $0.00 | $5,610.96 | $5,610.96 | $0.00 | $0.00 | $0.00 | $15,547.28 | $15,547.28 | Duplicate claim. |
| ULLMAN COMPANY, THE UNIVERSITY MANAGEMENT 913 ASSOCIATION CONSU HACKETTSTOWN, NJ 07840 | 18600 | 6835 | $0.00 | $0.00 | $0.00 | $2,706.42 | $2,706.42 | $0.00 | $0.00 | $0.00 | $15,547.28 | $15,547.28 | Duplicate claim. |
| Claims To Be Expunged Totals | 21 | | $9,298.90 | $85,118.22 | $0.00 | $3,001,720.84 | $3,098,847.06 | $9,289.90 | $0.00 | $97,561.31 | $3,451,273.70 | $3,527,934.91 | |

* Duplicate Claims are as are defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

59th Omnibus

In re Fleming Companies, Inc. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## B
## Amended Claims

| Name and Address of Claimant | Amended Claim Number | Remaining Claim Number | Amended Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| Ameritan Marketing Inc / 840 Toomulline Drive / NEWBURY PARK, CA 91320 | 479 | 15100 | $0.00 | $0.00 | $0.00 | $5,670.00 | $5,670.00 | $0.00 | $5,670.00 | $0.00 | $0.00 | $5,670.00 | Amended claim. |
| BUTLER KRUST / 249 N 11TH ST / SUNBURY, PA 17801 | 10425 | 18779 | $0.00 | $0.00 | $0.00 | $19,229.15 | $19,229.15 | $0.00 | $0.00 | $0.00 | $19,229.15 | $19,229.15 | Amended claim. |
| CANADIAN PACIFIC REALTY CO / DANIEL B BUTZ / PO Box 1347 / 1201 N MARKET ST / MORRIS NICHOLS ARSHT & TUNNELL / WILMINGTON, DE 19899-1347 | 15677 | 18780 | $0.00 | $0.00 | $0.00 | $33,898.76 | $33,898.76 | $0.00 | $0.00 | $0.00 | $1,163,375.63 | $1,163,375.63 | Amended claim. |
| CATALINA MARKETING CORPORATION / ATTN DIANA L MYERS / 200 CARILLON PKWY / ST PETERSBURG, FL 33716 | 9406 | 16012 | $17,476.49 | $0.00 | $0.00 | $2,361.95 | $19,838.44 | $17,476.49 | $0.00 | $0.00 | $2,361.95 | $19,838.44 | Amended claim. |
| COLLEGE PARK PLAZA, APPLETON LLC / CRISTINA SCHILLING / PO Box 2148 / OSHKOSH, WI 54903-2148 | 8210 | 8211 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $73,000.00 | $73,000.00 | Amended claim. |
| Dale Enterprises / Allen Film Plant / 19601 Hwy 265 / ROGERS, AR 72756 | 829 | 3708 | $0.00 | $0.00 | $1,720.00 | $0.00 | $1,720.00 | $0.00 | $0.00 | $4,272.10 | $0.00 | $4,272.10 | Amended claim. |
| DRI REALTY OF OKC LLC / STEPHEN A SHERMAN & ASSOCIATES / 117 PARK AVE 4TH FL / OKLAHOMA CITY, OK 73102 | 12365 | 14930 | $0.00 | $0.00 | $0.00 | $33,387.79 | $33,387.79 | $0.00 | $0.00 | $0.00 | $2,256,000.08 | $2,256,000.08 | Amended claim. |
| DPRA INC / 332 MINNESOTA ST / STE E-1600 / ST PAUL, MN 55101 | 6777 | 7074 | $0.00 | $0.00 | $0.00 | $12,484.65 | $12,484.65 | $0.00 | $0.00 | $0.00 | $27,814.04 | $27,814.04 | Amended claim. |
| EUREKA WATER CO / 725 SW 3RD / OKLAHOMA CITY, OK 73109 | 4561 | 14485 | $0.00 | $0.00 | $0.00 | $20,565.25 | $20,565.25 | $0.00 | $0.00 | $0.00 | $17,655.62 | $17,655.62 | Amended claim. |
| GAGLIONE JR, SALVATORE A / C/O NEIL WEINBERG ESQ / 3800 MAIN ST / WILLIAMSVILLE, NY 14221 | 18219 | 18220 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $17,689.19 | $0.00 | $0.00 | $17,689.19 | Amended claim. |
| Golden West Equipment Inc / 1000 S Euclid St / LA HABRA, CA 90631 | 24 | 2042 | $0.00 | $0.00 | $0.00 | $5,136.50 | $5,136.50 | $0.00 | $0.00 | $0.00 | $9,304.40 | $9,304.40 | Amended claim. |
| GROVERS EXPRESS / C/O JANET PASSIOU & ASSOCIATES / PO Box 2210 / 241 CAPITOL ST / SALINAS, CA 93902 | 5225 | 19855 | $130,387.05 | $0.00 | $0.00 | $0.00 | $130,387.05 | $0.00 | $130,387.05 | $0.00 | $0.00 | $130,387.05 | Amended claim. |

* Amended Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

50th Omnibus

**B**
**Amended Claims**

In re: Fleming Companies, In. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Amended Claim Number | Remaining Claim Number | Amended Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| DDC FOODS/SVILLE, LESLIE BETH RASKIN ESQ, 7TH FL, 1835 MARKET ST, SPECTOR GADON & ROSEN PC, PHILADELPHIA, PA 1910 | 12207 | 17942 | $0.00 | $0.00 | $0.00 | $21,826.56 | $21,826.56 | $0.00 | $0.00 | $0.00 | $263,764.72 | $263,764.72 | Amended claim. |
| KUSBA INC, 3333 BARRANCA PKWY, IRVINE, CA 92606 | 17932 | 18059 | $5,299.29 | $0.00 | $0.00 | $0.00 | $5,299.29 | $0.00 | $0.00 | $0.00 | $5,299.29 | $5,299.29 | Amended claim. |
| MYERS, BILLIE W, 330 MIDLAND RD, CHILLICOTHE, OH 45601-1470 | 10067 | 10771 | $0.00 | $0.00 | $0.00 | $105,000.00 | $105,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Amended claim. |
| PFKS OAK GROVE CORP, SILVERMAN & MORSE PLLC, 7115 ORCHARD LAKE RD, STE 500, W BLOOMFIELD MI 48322 | 13494 | 18710 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $407,575,611.00 | $407,575,611.00 | Amended claim. |
| RAYMAN TRUCKING, PO Box 64, 1170 CENTER LN, GENEVA, ID 8328 | 2686 | 15271 | $0.00 | $0.00 | $0.00 | $7,053.65 | $7,053.65 | $0.00 | $0.00 | $0.00 | $7,053.65 | $7,053.65 | Amended claim. |
| REBNEG NINE INC, KIMBERLY NELSON, 1751 PINNACLE DR, HENTON & WILLIAMS, MCLEAN, VA 22102 | 13961 | 14457 | $0.00 | $0.00 | $0.00 | $10,295,064.00 | $10,295,064.00 | $0.00 | $0.00 | $0.00 | $12,509,538.23 | $12,509,538.23 | Amended claim. |
| REBNEG NINE INC, KIMBERLY NELSON, 1751 PINNACLE DR, HENTON & WILLIAMS, MCLEAN, VA 22102 | 13602 | 14437 | $0.00 | $0.00 | $0.00 | $10,295,064.00 | $10,295,064.00 | $0.00 | $0.00 | $0.00 | $12,509,538.23 | $12,509,538.23 | Amended claim. |
| NEIHOIS PROPERTIES LLC, PO BOX 7297, STYRON LAW FIRM/RUSS SCHENKWERK, BRANSON MO 55815-7297 | 2173 | 17475 | $0.00 | $0.00 | $0.00 | $24,646.75 | $24,646.75 | $0.00 | $17,366.76 | $0.00 | $0.00 | $17,366.76 | Amended claim. |
| SEASONS SPECIALTIES INC, PO Box 429, 171 CARPENTER ST, DERIDDER, PA 18614 | 3261 | 15456 | $0.00 | $0.00 | $0.00 | $3,138.96 | $3,138.96 | $0.00 | $3,138.96 | $0.00 | $0.00 | $3,138.96 | Amended claim. |
| SHALAM IMPORTS INC, 43 W 33RD ST, STE 601, NEW YORK, NY 10001 | 10148 | 16814 | $0.00 | $0.00 | $0.00 | $28,500.00 | $28,500.00 | $0.00 | $28,500.00 | $0.00 | $0.00 | $28,500.00 | Amended claim. |
| TAYLOR ENTERPRISES OF WISCONSIN, PO Box 345, IXONIA, WI 53036 | 3413 | 15339 | $0.00 | $0.00 | $0.00 | $442.01 | $442.01 | $0.00 | $14,019.55 | $0.00 | $0.00 | $14,019.55 | Amended claim. |
| TAYLOR ENTERPRISES OF WISCONSIN, PO Box 345, IXONIA, WI 53036 | 3413 | 15339 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $399,517.82 | $399,517.82 | Amended claim. |
| TAYLOR ENTERPRISES OF WISCONSIN, PO Box 345, IXONIA, WI 53036 | 3414 | 15339 | $0.00 | $0.00 | $0.00 | $12,600.25 | $12,600.25 | $0.00 | $14,019.55 | $0.00 | $0.00 | $14,019.55 | Amended claim. |

* Amended Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

In re Fleming Companies, In, et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

50th Omnibus

## B
## Amended Claims

| Name and Address of Claimant | Amended Claims Number | Remaining Claims Number | Amended Claim Amount | | | | | Remaining Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 377 | 6106 | $0.00 | $0.00 | $0.00 | $4,150.00 | $4,150.00 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 378 | 6106 | $0.00 | $0.00 | $0.00 | $5,443.20 | $5,443.20 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W Jacquelyn FRESNO, CA 93722 | 379 | 6106 | $0.00 | $0.00 | $0.00 | $4,788.00 | $4,788.00 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 380 | 6106 | $0.00 | $0.00 | $0.00 | $720.44 | $720.44 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 381 | 6106 | $0.00 | $0.00 | $0.00 | $1,357.92 | $1,357.92 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 382 | 6106 | $0.00 | $0.00 | $0.00 | $1,311.64 | $1,311.64 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W Jacqulyn FRESNO, CA 93722 | 383 | 6106 | $0.00 | $0.00 | $0.00 | $840.80 | $840.80 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 384 | 6106 | $0.00 | $0.00 | $0.00 | $1,007.44 | $1,007.44 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| THE BROWNE BAKER 4579 W JACQUELYN FRESNO, CA 93722 | 385 | 6106 | $0.00 | $0.00 | $0.00 | $2,353.20 | $2,353.20 | $0.00 | $0.00 | $0.00 | $17,184.64 | $17,184.64 | Amended claim. |
| UNION CROSSING INVESTORS LLC RETAIL BROKERS INC 8111 EAST INDIAN BEND RD SCOTTSDALE, AZ 85250 | 11377 | 18424 | $0.00 | $0.00 | $0.00 | $1,058,549.44 | $1,058,549.44 | $0.00 | $0.00 | $0.00 | $262,657.60 | $262,657.60 | Amended claim. |
| WISCONSIN ELECTRIC WISCONSIN GAS WE ENERGIES ATTN ELAINE RM A130 333 W EVERETT ST MILWAUKEE, WI 53203 | 3450 | 16041 | $0.00 | $0.00 | $0.00 | $203,839.78 | $203,839.78 | $0.00 | $0.00 | $0.00 | $231,460.79 | $231,460.79 | Amended claim. |
| Claims To Be Expunged Totals | 35 | | $153,162.83 | $0.00 | $1,720.00 | $22,342,471.34 | $22,497,354.17 | $17,556.49 | $203,086.71 | $4,272.10 | $453,198,817.31 | $453,465,636.61 | |

* Amended Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

50th Omnibus

In re: Fleming Companies, Inc. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

# C
## Undocumented Claims

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance[a] |
|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| ADAIR, STEVE & LEE ELLEN<br>PO Box 3310<br>611 E GLENN AVE<br>AUBURN, AL 36831-3310 | 11962 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| ADAMCIK, RICHARD L<br>6035 DOOLEY DR<br>THE COLONY, TX 75056 | 13592 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| ADAMS, DIXIE<br>MARK INTL ET AL.<br>301 N LAKE AVE STE 800<br>PASADENA, CA 91101-4108 | 13366 | $0.00 | | $0.00 | $5,000,000.00 | $5,000,000.00 | Insufficient documentation claim. |
| AZTECA<br>PO Box 427<br>SUMMIT ARGO, IL 60501 | 5076 | $0.00 | | $0.00 | $170,847.78 | $170,847.78 | Insufficient documentation claim. |
| BENNETT, MARK K<br>8341 KERENTIA RD<br>BAKERSFIELD, CA 93307 | 12803 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| BLEVINS, VAN D<br>815 N BRIDGE ST<br>HENRIETTA, TX 76365-2002 | 4966 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| CHAMPAGNE, PATRICIA<br>10725 FONTENOT RD<br>DENHAM SPRINGS, LA 70726 | 10034 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| DEUVALL, SHARON E<br>624 NORTH ALMA SCHOOL RD<br>MESA, AZ 85201 | 3134 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| ENGBLOM, CRAIG<br>2616 ANDREW ST<br>DULUTH, MN 55811 | 7012 | $0.00 | | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| FERGUSON, JAMES<br>THE RODMAIN BLDG<br>263 THIRD ST #405<br>BATON ROUGE, LA 70801 | 14149 | $1,345.99 | | $0.00 | $7,000.00 | $8,345.99 | Insufficient documentation claim. |

[a] Undocumented Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

50th Omnibus

**C**

**Undocumented Claims**

In re: Fleming Companies, In. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| FOURNIER, AMINJAY<br>34845 MAXON RD<br>SANGER, CA 93657 | 14141 | $0.00 | $0.00 | $0.00 | $1,000,000.00 | $1,000,000.00 | Insufficient<br>documentation claim. |
| HALL, KENNETH S<br>212 CHERRY ST<br>NORRISTOWN, PA 19401 | 6027 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| HALVORSON, NANCY<br>7870 SPRING LAKE RD<br>ST PAUL, MN 55112 | 14599 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| HEBERT, TIFFANY, MARY & ROBERT<br>DAMON BALDONE & ASSOCIATES, APLC<br>162 NEW ORLEANS BLVD<br>HOUMA, LA 70360 | 7492 | $0.00 | $0.00 | $0.00 | $500,000.00 | $500,000.00 | Insufficient<br>documentation claim. |
| HERNANDEZ, EDOARDO<br>996 NORTHGATE<br>YUBA CITY, CA 95991 | 11561 | $0.00 | $0.00 | $0.00 | $17,500.00 | $17,500.00 | Insufficient<br>documentation claim. |
| HIGGINS, PAUL<br>2158 BLAKELY RD<br>E AURORA, NY 14052 | 13787 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| JACKSON, CHRISTINE<br>1755 DOUGLASS ST<br>RED BLUFF, CA 96080 | 6399 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| JOHNSON, PATRICIA<br>PO Box 491763<br>REDDING, CA 96049 | 2355 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Insufficient<br>documentation claim. |
| LEVINE, JAQUELYN<br>8605 BUNNELL DR<br>POTOMAC, MD 20854 | 9721 | $0.00 | $0.00 | $0.00 | $2,000,000.00 | $2,000,000.00 | Insufficient<br>documentation claim. |
| MARTIN, KAREN<br>6214 CHIESA RD<br>ROWLETT, TX 75088 | 14741 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Insufficient<br>documentation claim. |

* Undocumented Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

Page 2

50th Omnibus

In re: Fleming Companies, In. et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## C
## Undocumented Claims

| Name and Address of Claimant | Claim Number | Secured | Administrative | Priority | Unsecured | Total | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|
| | | | | Claim Amount | | | |
| MASSIE, ALLEN<br>PO Box 10798<br>MIDWEST CITY, OK 73140 | 5058 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| MEXI-SNAX CORPORATION<br>6860 EL PASO DR<br>EL PASO, TX 79905 | 14064 | $0.00 | $0.00 | $7,568.24 | $0.00 | $7,568.24 | Insufficient documentation claim. |
| MILSTEAD, DAVID<br>39 PHELPS ST<br>LOCKPORT, NY 14094 | 6900 | $0.00 | $0.00 | $0.00 | $1,000,000.00 | $1,000,000.00 | Insufficient documentation claim. |
| MORTELLARO, WILLIAM<br>71 LEONARD POST DR<br>CHEEKTOWAGA, NY 14211 | 5271 | $0.00 | $0.00 | $0.00 | $3,500,000.00 | $3,500,000.00 | Insufficient documentation claim. |
| O'BRIEN, MICHAEL<br>3717 HARNEY ST<br>OMAHA, NE 68131 | 2567 | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 | Insufficient documentation claim. |
| OCONNEL, JERRY W<br>PO Box 138<br>NEDROW, NY 13120 | 4218 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient documentation claim. |
| OTIS AND ASSOCIATES<br>C/O HUDA ALI<br>533 AIRPORT BLVD<br>505<br>BURLINGAME, CA. 94010 | 4370 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Insufficient documentation claim. |
| PASTOR, ADALBERTO<br>C/O BERNSTEIN & MARYANOFF<br>8821 SW 69TH CT<br>MIAMI, FL 33156 | 13993 | $0.00 | $0.00 | $0.00 | $1,000,000.00 | $1,000,000.00 | Insufficient documentation claim. |
| PETERSEN, RICHARD<br>2504 S 32ND ST<br>LACROSSE, WI 54601 | 13820 | $0.00 | $0.00 | $0.00 | $85,049.00 | $85,049.00 | Insufficient documentation claim. |
| SORENSEN, DARWIN N<br>10322 S 2460 E<br>SANDY, UT 84092 | 5114 | $469.11 | $0.00 | $0.00 | $0.00 | $469.11 | Insufficient documentation claim. |

* Undocumented Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

Page 3

50th Omnibus

In re: Fleming Companies, In. et al.,
Case No. 03-10945 (MFW)
(Jointly Administered)

## C
## Undocumented Claims

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance[a] |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Secured | Administrative | Priority | Unsecured | Total | |
| THE LAW OFFICE OF JACK ORMES<br>JACK ORMES<br>30 I N LAKE AVE<br>STE 800<br>PASADENA, CA 91101-4108 | 13365 | $0.00 | $0.00 | $0.00 | $5,000,000.00 | $5,000,000.00 | Insufficient<br>documentation claim |
| ULLMAN COMPANY THE<br>UNIVERSITY MANAGEMENT ASSOCIATESPO Box 913<br>HACKETTSTOWN, NJ 07840-0913 | 18445 | $0.00 | $0.00 | $0.00 | $8,914.92 | $8,914.92 | Insufficient<br>documentation claim. |
| VALENTINE, ART<br>2346 WELLBORN HILLS CT<br>LITHONIA, GA 30038 | 6710 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| WEAVER, KENNY<br>10 EXCHANGE PL<br>11TH FL<br>SALT LAKE CITY, UT 84145 | 6926 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Insufficient<br>documentation claim. |
| WILSON, KEITH<br>171 W 49 PL NORTH<br>TULSA, OK 74126 | 6239 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| ZIMMER, MICHAEL<br>MARCIA, MCSHANE WATSON<br>214 2ND AVE N<br>STE 206<br>WASHINGTON SQ<br>NASHVILLE, TN 37209 | 7462 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Insufficient<br>documentation claim. |
| Claims To Be Expunged Totals | 36 | $1,806.10 | $0.00 | $7,568.24 | $19,504,311.70 | $19,513,686.04 | |

[a] Undocumented Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

50th Omnibus

**D**

**Wrong Debtor Claims**

In re: Fleming Companies, In, et al.,
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Secured | Administrative | Priority | Unsecured | Total | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|
| | | Claim Amount | | | | | |
| HEWLETT PACKARD FINANCIAL SERVICES CO FKA HEWLETT PACKARD TECHNOLOGY FINANCE 420 MOUNTAIN AVE MURRAY HILL, NJ 07974-0006 | 10286 | $46,730.99 | $0.00 | $0.00 | $0.00 | $46,730.99 | Wrong Debtor; Fleming Packaging. |
| KING EDWARD BEER & WINE STORE 1031 JONES CREST EDMONTON, AB 76L 6Y2 | 13941 | $13,000.00 | $0.00 | $0.00 | $0.00 | $13,000.00 | Wrong Debtor; Foodland Market of California. |
| **Claims To Be Expunged Totals** | **2** | **$59,730.99** | **$0.00** | **$0.00** | **$0.00** | **$59,730.99** | |

* Wrong Debtor Claims are as defined in the Debtors' Fiftieth Omnibus Objection to Claims (Non-Substantive).

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Responses Due: February 20, 2006** |
| | ) | **Hearing Date: February 27, 2006 at 9:30 a.m.** |

## THE PCT'S FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The PCT[2] brings its Fifty-First Omnibus Objection to Claims (Substantive) (the "Fifty-First Omnibus Objection") seeking an order reducing, reclassifying and/or disallowing certain claims currently pending in these bankruptcy cases. In support of its objection, the PCT respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction over the Fifty-First Omnibus Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1]  The former Debtors whose cases remain open are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.

[2]  The PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code and the Post-Confirmation Trust Agreement dated August 19, 2004 (the "Plan"). The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

2.    The statutory bases for the relief requested are 29 U.S.C. § 2101(a)(6), 11 U.S.C. §§ 105(a), 502 and 507, Federal Rule of Bankruptcy Procedure 3007 and Bankruptcy Local Rule 3007-1.

## Background

3.    On April 1, 2003, the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable. See Art. V.G.3. The Plan provides the PCT with the authority to bring this Fifty-First Omnibus Objection. See Art. X.A.

## The Objection And Request For Relief

4.    The PCT objects to the claims set forth on Exhibits A - F on the basis that they should be reduced, reclassified and/or disallowed as set forth below. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.,* 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3rd Cir. 1992). A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. Id. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party

2

produces such evidence, the burden shifts back to the claimant to prove the validity of his or her

claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the

claimant. *Id.*

### *Exhibit A*
### *No Liability Claims*

5.     The PCT seeks an order disallowing the claims listed on Exhibit A. The

Debtors have no liability for the claimed amounts for various bases. *See In re F&N Acquisition*

*Corp.,* 152 B.R. 304, 307 (Bankr. W. D. Wash. 1993) (recognizing that creditors are not entitled

to any greater rights in bankruptcy than they would be outside of bankruptcy); *Hill v. St. Louis*

*Univ., 123* F.3d 1114, 1120 (8th Cir. 1197) (recognizing that employment decisions based upon

poor job performance, erroneous evaluations, personal conflicts between employees, or even

unsound business practices do not invoke a legal claim against the employer.). A detailed

discussion of each claim and the bases for the PCT's objection thereo is set forth in the *Affidavit*

*of John Franks in Support of the PCT's Fifty-First Omnibus Objection to Claims (Substantive),*

filed concurrently with this Objection. Based on that discussion, the claims set forth on

Exhibit A to this objection should be disallowed in their entirety.

### Exhibit B
### ACE Workers' Compensation Claims

6.     The PCT seeks an order disallowing the workers' compensation claims

listed on Exhibit B. The Debtors have no liability for the satisfaction of these claims. Rather,

pursuant to a number of loss portfolio transfer ("LPT") agreements between the Debtors and

ACE Insurance Company ("ACE"), ACE has assumed all responsibility and liability for the

satisfaction of these claims. See Franks Aff. ¶¶ 31-36.

3

7.    ACE was the Debtors' primary workers' compensation carrier from at least July 1, 1990 through July 2002. Id. During and subsequent to this time, ACE and the Debtors periodically entered into LPT agreements, whereby the Debtors paid ACE to, among other things, assume full and complete control of all claims arising during prior coverage periods, including processing, resolving, litigating, and settling claims. Id.

8.    Specifically, ACE and the Debtors entered into three LPT agreements. The parties entered into the first such agreement, attached as Exhibit 4 to the *Affidavit of John Franks in Support of the Fifty-First Omnibus Objection (Substantive)*, in October of 1999. Id. This agreement requires ACE to assume full responsibility for all amounts due or that come due for workers' compensation claims against the Debtors arising between July 1, 1990 and July 1, 1999, whether or not the claims had yet been reported at that time. Id. In exchange for ACE's agreement to fully satisfy these liabilities, the Debtors paid ACE a premium of $44,861,209. Id.

9.    The second agreement between the parties, which is attached to the Franks Affidavit as Exhibit 5, is dated May 30, 2002. This agreement requires ACE to assume full responsibility for all amounts due or that come due for workers' compensation claims arising between July 1, 1999 and June 30, 2001, up to an aggregate limit of $35,000,000, exclusive of claims arising from occupational diseases (i.e., hearing loss, asbestos exposure). Id. In exchange for ACE's agreement to satisfy these obligations, the Debtors paid a premium of $20,834,319. Id. If ACE's liability on the transferred claims exceeds the aggregate limit, it may seek additional premiums from the Debtors. Id.

10.    Finally, the third agreement between the parties, attached to the Franks Affidavit as Exhibit 6, is dated May 1, 2004, and became effective upon bankruptcy court

4

approval on July 9, 2004. [D.I. 8735]. This agreement requires ACE to assume full

responsibility for all amounts due or that come due for workers' compensation claims arising

between July 1, 2001 and June 30, 2002, up to an aggregate limit of $17,000,000. Id. In

exchange for ACE's agreement to satisfy these obligations, the Debtors paid an initial premium

of $12,100,000. Id. If ACE's liability on the transferred claims exceeds the aggregate limit, it

may seek additional premiums from the Debtors. Id.

   11. Each of the claimants listed on Exhibit B asserts a workers' compensation

claim that (i) arose during the ACE coverage periods and (ii) was subject to one of above-

described LPT agreements. See Franks Aff. at ¶¶ 31-36. Under the LPT agreements, ACE is

solely and directly liable to these claimants for full resolution and satisfaction of their claims.

See Franks Aff. ¶¶ 31-36. The Debtors cannot be liable in bankruptcy for obligations they would

not be liable for outside of bankruptcy. See generally 11 U.S.C. § 502(b)(1); *In re F&N*

*Acquisition Corp.*, 152 B.R. 304, 307 (Bankr. W D. Wash. 1993) (recognizing that creditors are

not entitled to any greater rights in bankruptcy than they would be outside of bankruptcy); 11

U.S.C. § 502(b)(1). Accordingly, the claims set forth on <u>Exhibit B</u> should be disallowed.

<div align="center">

*Exhibit C*
*Old Republic Workers' Compensation Claims*

</div>

   12. The PCT seeks an order disallowing the workers' compensation claims

listed on <u>Exhibit C</u> because the Plan provides that these workers' compensation claims will

continue to be administered and paid by Old Republic Insurance Company ("Old Republic"), one

of the Debtors' insurance carriers, in the ordinary course. See Plan at Art. XIII.F.2 (stating that

"[a]ny Claims that are covered by the Workers' Compensation Program shall continue to be

<div align="center">5</div>

administered and paid by the Insurers, in accordance with the Workers' Compensation

Program"). In July of 2002, the Debtors terminated their on-going relationship with ACE and

purchased their first workers' compensation policy from Old Republic. See Franks Aff. ¶¶ 37-

40. The Old Republic policy was effective through July 1, 2003. Id. After the bankruptcy filing

in April of 2003, Old Republic required that the Debtors assume all of their Old Republic

insurance policies -- including their workers' compensation policy -- as a condition of renewing

the Debtors' coverage. Id. The Court entered an order approving the assumption on June 26,

2003. [D.I. 1710]. By assuming the Old Republic policies, the Debtors ensured that Old

Republic would continue to liquidate and pay all workers' compensation claims -- whether they

arose before or after the bankruptcy filing -- allowing their current and former employees to

receive full recovery on their valid claims.[3] See Franks Aff. ¶¶ 37-40.

    13.    The resolution of workers' compensation claims is continuing now the

same as it has been prior to and during the bankruptcy. Id. Claimants who were injured on the

job and asserted workers' compensation claims are working directly with Old Republic, through

the third-party administrator ESIS, to liquidate and resolve their respective claims. Id. And

where a claimant establishes damages resulting from his or her injury, Old Republic is satisfying

those damages as required under the policy. See Franks Aff. at ¶ 37-40; Ex. 7 at Part I.B

(requiring Old Republic to "pay promptly when due the benefits required of [the Debtors] by the

workers' compensation law").

---

[3]    Had the Debtors' not assumed the workers' compensation policies, the claimants set forth in <u>Exhibit C</u> would be forced to
recover directly from the Debtors' estates. If their claims arose prior to the bankruptcy filing, the claims would have been
classified as general unsecured claims against the Debtors and would have been paid pursuant to the Plan.

14.     There is, in fact, no circumstance under which any of the claimants set forth on Exhibit C would need (or want) to recover directly from the Debtors' estate. The PCT has verified that each claimant has asserted its claim against Old Republic (as required to maintain a claim against the insurer). See Franks Aff. at ¶ 40. As a result, so long as the claimant can establish a workplace injury (which he or she is required to do under non-bankruptcy law), Old Republic must satisfy any resulting damages.[4]  See, e.g., Franks Aff., Ex. 7 at Part I.B. And if Old Republic denies a claimant's damages claim, the claimant's recourse is to appeal the determination through administrative and judicial venues -- just as it would were there no intervening bankruptcy. See, e.g., Franks Aff., Ex. 7 at Part I.H.3. ("We [the insurer] are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us."). Any damages awarded as a result of that process will be Old Republic's responsibility. See, e.g., Franks Aff., Ex. 7 at Part I.B.

15.     In short, the workers' compensation claimants set forth on Exhibit C -- even those whose claims arose before the bankruptcy filing -- will all receive full payment on their valid claims from Old Republic just as they would have had there been no bankruptcy at all. It is well established that claimants cannot receive more than one satisfaction of their claims. EEOC v. Waffle House, Inc., 534 U.S. 279, 297, 122 S.Ct. 754, 766 (2002) (stating "[a]s we have noted, it goes without saying that the courts can and should preclude double recovery by an

---

[4]  Moreover, even though the Debtors did have a deductible (i.e., a self-insured retention) on the Old Republic workers' compensation policy, claimants will not have to look to the Debtors' estates for satisfaction of that deductible. Rather, because the Debtors' assumed the underlying insurance policies, they must reimburse Old Republic for the deductibles in the ordinary course pursuant to the policies. See Plan at Art. XIII.F.2; see also, e.g., Franks Aff. ¶ 38, Ex. 7 (explaining that the insured is required to reimburse the insurer to the extent that the insurer pays amounts to an employee claimant that come under the deductible).

7

individual") (internal citations omitted); *In re Princeton-N.Y. Investors Inc.*, 255 B.R. 376, 384

(Bankr. D.N.J. 2000) (stating "[t]he plaintiff is entitled to recover from any combination of

entities, as long as there is no double recovery"). As a result, it is appropriate for the Court to

disallow each of the claims set forth on Exhibit C without prejudice to the claimants' rights to

continue to assert and recover any amounts from Old Republic under the governing insurance

policies.

16.    If the Court will not outright disallow the claims set forth on Exhibit C it

should estimate them at $0 for all purposes. Section 502(c) of the Bankruptcy Code permits the

Court to estimate the amount of a contingent or unliquidated claim for purposes of its allowance

when "'the actual liquidation of the claim as determined by the court would unduly delay the

administration of the case.'" *In re Stone & Webster, Inc.*, 279 B.R. 748, 809 (Bankr. D. Del.

2002) (quoting 4 Collier's on Bankruptcy ¶ 502.04(1) (15th ed. 2001)). This procedural device

is useful when the "adjudication and liquidation of a claim would take an unreasonably long

time" and allows courts to "quickly and flexibly estimate the amount of an as yet to be liquidated

claim." *Id.* at 810.

17.    As described above, the claimants set forth on Exhibit C will recover

directly from Old Republic for their injuries. Old Republic will liquidate, resolve, and pay these

claims just as it did before the bankruptcy filing. The process of finally resolving these claims,

however, will likely take a substantial amount of time. Because of the long-term nature of many

workers' compensation injuries, it is not uncommon for workers' insurance claims to remain

open for years while the extent of the workers' injury is being determined. To require the PCT

to keep the cases open until each of these claims is fully liquidated would unduly delay the

8

administration of these cases. Accordingly, if the Court will not enter an order disallowing the

claims set forth on <u>Exhibit C</u>, the PCT requests that the Court enter an order estimating these

claims at $0 for all purposes.

<div align="center"><u>Exhibit D</u><br>
<u>Miscellaneous Reduce and/or Reclassify and Allow Claims</u></div>

18.     The PCT objects to the claims set forth on <u>Exhibit D</u> because the claims

are asserted in an amount and/or a priority not supported by the Debtors' books and records or

applicable law. A detailed discussion of each claim listed on <u>Exhibit D</u> is set forth in the

*Affidavit of John Franks in Support of the PCT's Fifty-First Omnibus Objection to Claims*

*(Substantive)*, filed concurrently with this objection.

<div align="center"><u>*Claims that are asserted in an amount not supported by the Debtors' books and records,*</u><br>
<u>*applicable legal authority, or the claimants' proofs of claim should be reduced*</u></div>

19.     The PCT seeks to reduce and allow certain claims set forth on <u>Exhibit D</u>

because they are filed in an amount greater than that reflected in the Debtors' books and records.

In each case, the PCT has reviewed the claims, any attached invoices or documentation, the

Debtors' centralized accounting system and any other relevant documents in the PCT's

possession to ascertain the amount that the Debtors owed the respective claimant. As a result of

this reconciliation, the PCT has determined that certain claimants set forth on <u>Exhibit D</u> have

asserted their claims in amounts greater than those to which they are entitled. *In re F&N*

*Acquisition Corp.*, 152 B.R. at 307 (recognizing that a creditor cannot recover in a bankruptcy

amounts to which he or she is not otherwise entitled); 11 U.S.C. § 502(b)(6) (capping the amount

of rejection damages a claimant can receive on account of a rejected lease).

<div align="center">9</div>

20.      Certain of the claimants set forth on Exhibit D have filed claims for

amounts that exceed an amount supported by applicable legal authority. Pursuant to 11 U.S.C.

§ 502(b)(6), a claim of a lessor for damages resulting from the termination of a lease of real

property is capped at the rent reserved by such lease, without acceleration, for the greater of one

year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the

earlier of the date of the filing of the petition and the date on which such lessor repossessed, or

the lessee surrendered the leased property; plus any unpaid rent due under such lease, without

acceleration, on the earlier of such dates. 11 U.S.C. § 502(b)(6), *see also In re McSheridan*, 184

B.R. 91, 96 (9th Cir. 1995) (stating that "Section 502(b)(6) limits the landlord's claim for

damages" from rejection of lease and that this Section is "grounded in principles of ratable

distribution; it balances the interests of landlords against those of other creditors by preventing

landlords from receiving a windfall as a result of the filing of the bankruptcy petition") (quoting

*In re Leslie Fay Cos., Inc.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994)). Accordingly, the PCT

requests that the Court reduce and allow certain claims set forth on Exhibit D.

*Claims that are asserted in a priority not supported by applicable law should be reclassified*

21.      Certain of the claimants set forth on Exhibit D also assert that their

respective claims are entitled to priority status. As set forth more fully in the Franks Affidavit,

these claimants are not entitled to the priority they assert and, as a result, their claims should be

reclassified as general unsecured claims. See Franks Aff. ¶¶ 42-49. Claimants are only entitled

to priority treatment of their otherwise unsecured claims when they can satisfy one or more

requirements set forth in section 507 of the Bankruptcy Code. The claimants set forth on Exhibit

D have not -- and cannot -- satisfy these requirements.

10

22.    In particular, certain claims set forth on <u>Exhibit D</u> assert priority arising

from rejection damages or other similar prepetition liabilities. Many of these claims are not

entitled to administrative priority. The rejection of the lease is considered a prepetition breach

by operation of 11 U.S.C. § 502(g). As a result, all of the landlord's claims associated with

rejection of the lease, including claims based upon the Debtors' alleged failure to comply with a

lease's restoration provisions, are deemed prepetition claims. *See, e.g., In re Unidigital, Inc.,* 262

B.R. 283 (Bankr. D. Del. 2001). And claims arising before the petition date are, by definition,

unsecured claims. 11 U.S.C. § 507(a)(1) (allowing only postpetition claims to receive

administrative priority). Certain claimants set forth on <u>Exhibit D</u> cannot establish their rights to

priority treatment and, as a result, their claims should be reclassified as set forth on <u>Exhibit D</u>.

<div align="center">

*Exhibit E*
*Miscellaneous Employee No Liability Claims*

</div>

23.    The PCT objects to the miscellaneous employee claims set forth on

<u>Exhibit E</u> hereto on the basis that the Debtors have no liability for the amounts set forth therein.

The claims are all premised upon amounts alleged as owing under the Debtors' benefit plans.

For the specific reasons set forth on <u>Exhibit E</u> hereto (and explained more fully in the Franks

Affidavit), the claimants are not entitled to the benefits they assert in their claims. The fact that

the Debtors filed chapter 11 petitions does not change that fact. See generally 11 U.S.C. §

502(b)(1); *In re F&N Acquisition Corp.,* 152 B.R. at 307 (recognizing that creditors are not

entitled to any greater rights in bankruptcy than they would be outside of bankruptcy).

Accordingly, the claims set forth on <u>Exhibit E</u> hereto should be disallowed in their entirety.

<div align="center">

11

</div>

*Exhibit F*
*Reduce and/or Reclassify and Allow Claims*

24.    The PCT objects to the miscellaneous employee claims set forth on

Exhibit F on the basis that the claims are asserted in an amount and/or a priority not supported by

the Debtors' books and records, applicable benefit programs or applicable law.  A detailed

discussion of each claim listed on Exhibit F is set forth in the *Affidavit of John Franks in Support*

*of the Fifty-First Omnibus Objection (Substantive)*, filed concurrently with this Objection.

*Claims that are asserted in an amount not supported by the Debtors' books and records should*
*be reduced*

25.    A number of the miscellaneous employee claims set forth on Exhibit F are

asserted in an amount greater than that reflected by the Debtors' books and records.  The PCT

seeks to reduce and allow these claims.

26.    Specifically, a number of the claimants set forth on Exhibit F have filed

claims for amounts that exceed the liabilities reflected in the Debtors' books and records.  In

some cases, the claims are excessive because the asserted value for a particular benefit exceeds

the amounts shown as owing for that benefit in the Debtors' books and records.  In other cases,

the claims are excessive because the claimant is not entitled to all of the benefits he or she

claims.  In both cases, Mr. Frank's testimony refutes the claimants' asserted amounts.  *In re*

*Allegheny Int'l, Inc.*, 954 F.2d at 173 (noting that a party opposing a claim must produce

evidence in sufficient force to refute the *prima facie* validity of the claim); *In re F&N*

*Acquisition Corp.*, 152 B.R. at 307 (recognizing that a creditor cannot recover in a bankruptcy

amounts to which he or she is not otherwise entitled).  Accordingly, to prevail on their claims as

asserted, each of these claimants will need to respond to this objection by producing additional

12

evidence supporting the asserted value of their respective claims. *In re Allegheny Int'l Inc.*, 954 F.2d at 173. If they fail to do so, their claims should be reduced and allowed as set forth on Exhibit F.

### *Claims that are asserted in a priority not supported by applicable law should be reclassified*

27.     Many of the claimants set forth on Exhibit F assert that their miscellaneous employee claims are entitled to priority status. Generally speaking, only those employee claims that arise after the petition date are afforded administrative expense priority. 11 U.S.C. § 503. Moreover, only those prepetition employee claims that are (i) valued (in their totality) at $4,650 or less and (ii) arise within the 90 days before the petition date are afforded priority treatment. 11 U.S.C. § 507(a)(2). All remaining claims (i.e., those arising more than 90 days before the petition date or valued at more than $4,650) are general unsecured claims. 11 U.S.C. §§ 503, 507(a)(3). Where a claim is asserted in priority not supported by law, the claim must be reclassified. Accordingly, where a claimant set forth on Exhibit F has asserted his or her miscellaneous employee claim in a priority not supported by applicable law, his or her claim should be reclassified and allowed as set forth on Exhibit F.

### *The priority of retention bonus claims must be prorated*

28.     In the Third Circuit, courts have found that retention bonuses are partially earned on each day that an eligible employee works under a retention program or agreement. *In re Hechinger*, 298 F.3d 219, 225 (3d Cir. 2002); *In re Lason, Inc.*, 309 B.R. 441, 443 (Bankr. D. Del. 2004). In other words, employees begin earning retention bonuses on the effective date of the retention program and continue to earn the bonus until they satisfy the conditions for

13

receiving it. If an employer files for bankruptcy during this period, the employees' retention

bonus claims must be apportioned according to the number of days a given employee worked in

the respective prepetition and postpetition periods. *See In re Hechinger*, 298 F.3d at 225; *In re*

*Lason*, 309 B.R. at 443 n.2. Based upon the foregoing, the PCT requests that the Court reclassify

and allow certain claims set forth on Exhibit F, such that the claim amounts are prorated to

reflect the amount of the retention bonus the employees earned during the prepetition period, the

period beginning 90 days before the filing and the period after the filing.

### Reservation of Rights

29.     The PCT reserves the right, upon obtaining leave (where necessary), to

formally reply to any written response filed with respect to this objection. The PCT also reserves

the right, consistent with the local rules of this district, Orders of the Court, and any other

applicable law, to amend, modify and/or supplement this objection. Finally, the PCT expressly

reserves any rights it may have to exercise its right of setoff against the holders of claims subject

to this objection.

### Notice

30.     The PCT's noticing agent, Bankruptcy Management Corporation, will

serve copies of this objection (together with the exhibits) on (a) claimants with pending claims

subject to the Fifty-First Omnibus Objection, (b) the Office of the United States Trustee and (c)

those who have requested special notice pursuant to the Court's October 20, 2004 order limiting

service. [D.I. 9696]. As a result, notice of this Fifty-First Omnibus Objection is sufficient under

Rule 3007 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Local Rules of

14

the United States Bankruptcy Court for the District of Delaware and no further notice is

necessary.

        31.    This Fifty-First Omnibus Objection and its related exhibits comply with

Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware.

<div align="center">**No Previous Request**</div>

        32.    No previous request for the relief set forth herein with respect to the

claims set forth on Exhibits A - F has been made to this or any other court.

        WHEREFORE, the PCT respectfully requests that the Court reduce, reclassify

and/or disallow, as appropriate, the claims set forth on the exhibits hereto, and grant any further

relief deemed just and equitable.

Dated: January 27, 2006

                    PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                    & WEINTRAUB P.C.

                    *Scotta McFarland*

                    Laura Davis Jones (Bar No. 2436)
                    Scotta E. McFarland (Bar No. 4184)
                    919 North Market Street, 17th Floor
                    Post Office Box 8705
                    Wilmington, Delaware 19899-8705
                    (Courier No. 19801)
                    Telephone: (302) 652-4100
                    Facsimile: (312) 652-4400

                            and

<div align="center">15</div>

DOCS_DE:114737.1

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Co-Counsel for the Post Confirmation Trust

16

51st Omnibus

In re: Fleming Companies, Inc., et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## A
## No Liability Claims

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| ADAMCIK, RICHARD J<br>6035 DOOLEY DR<br>THE COLONY, TX 75056 | 13105 | $0.00 | $0.00 | $0.00 | $10,000,000.00 | $10,000,000.00 | See paragraphs 22 through 24 of Franks affidavit. |
| MARTIN SR, MICHAEL D<br>4120 DURBIN<br>THE COLONY, TX 75056 | 13106 | $0.00 | $0.00 | $0.00 | $10,000,000.00 | $10,000,000.00 | See paragraphs 25 through 27 of Franks affidavit. |
| REBNEC NINE INC<br>C/O JUDY EYSTER<br>PO Box 1000<br>TOLEDO, OH 43697 | 14437 | $0.00 | $0.00 | $0.00 | $12,509,538.23 | $12,509,538.23 | See paragraphs 28 through 30 of Franks affidavit. |
| Claims To Be Expunged Totals | 3 | $0.00 | $0.00 | $0.00 | $32,509,538.23 | $32,509,538.23 | |

* No Liability Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

**B**

**ACE Workers' Compensation Claims**

In re: Fleming Companies, Inc., et al.,
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance* |
|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| ALBERT DUMECHEST CO HARRY BURDETTE 300 STEWART ST LAFAYETTE, LA 70501 | 6527 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | See paragraphs 31 through 36 of Franks affidavit. |
| BEAVER, JUANITA 18045 MIDLAND PL BROOKFIELD, WI 53045-4261 | 9901 | $0.00 | $0.00 | $0.00 | $75,000.00 | $75,000.00 | See paragraphs 31 through 36 of Franks affidavit. |
| FINK, HERSHEL RD 1 BOX 158A ALEXANDRIA, PA 16611 | 3841 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| GARLAND, ALBERT ANTHONY 11925 KY 3438 CANNON, KY 40923 | 10191 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| GIGANTI, BARBARA 1368 N 60TH MILWAUKEE, WI 53208 | 14261 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| GIGANTI, BARBARA JEAN 1368 N 60TH MILWAUKEE, WI 53208 | 14090 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| LANNINGHAM, NOAH C/O JOSEPH MORRIS PO Box 1649 DOTHAN, AL 36302 | 8241 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| MANNING, JERRY T COLE FISHER BOSQUEZ FLORES COLE & O'KEEFE PO Box 391 FRESNO, CA 93708-0391 | 9251 | $0.00 | $0.00 | $0.00 | $38,975.00 | $38,975.00 | See paragraphs 31 through 36 of Franks affidavit. |
| MASTANGI HOLSTEDT & AMICK 1912 I ST SACRAMENTO, CA 95814 | 4650 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| MEECHAN WOOTTON WEINBERGER PO Box 369 SANTA ROSA, CA 95402 | 6131 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| Oden, Tina 1705 Nueces Dr Garland, TX 75040-5419 | 7440 | $0.00 | $0.00 | $0.00 | $8,000.00 | $8,000.00 | See paragraphs 31 through 36 of Franks affidavit. |

* ACE Workers' Compensation Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

In re: Fleming Companies, In et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## B
## ACE Workers' Compensation Claims

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | | Reason For Disallowance[a] |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Secured | Administrative | Priority | Unsecured | Total | |
| REINKALL, STEVE<br>6603 TOWER AVE<br>SUPERIOR, WI 54880 | 13264 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| RICSON TAAPUBOLON<br>C/O KATIE KWINSKI<br>8080 MADISON AVE<br>STE 203<br>FAIR OAKS, CA 95628 | 6232 | $0.00 | $0.00 | $0.00 | $200,000.00 | $200,000.00 | See paragraphs 31 through 36 of Franks affidavit. |
| Sucre, Julio<br>David A Snyder Esq<br>2340 S Dixie Hwy<br>MIAMI, FL 33133 | 84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 31 through 36 of Franks affidavit. |
| TAYLOR, CAROL<br>6084 OGDEN NASH WAY<br>SACRAMENTO, CA 95842 | 10256 | $0.00 | $0.00 | $0.00 | $37,337.60 | $37,337.60 | See paragraphs 31 through 36 of Franks affidavit. |
| Claims To Be Expunged Totals | 15 | $0.00 | $0.00 | $0.00 | $409,312.60 | $409,312.60 | |

[a] ACE Workers' Compensation Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

## Old Republic Workers' Compensation Claims

In re: Fleming Companies, Inc. et al.,
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance* |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Secured | Administrative | Priority | Unsecured | Total | |
| AVERY, ROGER 2809 COUNTY RD 67 HARTFORD, AL 36344 | 12126 | $0.00 | $0.00 | $476,021.00 | $76,946.72 | $552,967.72 | See paragraphs 37 through 40 of Franks affidavit. |
| COOK, BRETT M 1333 JOHNSON AVE STE C SAN LUIS OBISPO, CA 93401 | 14144 | $0.00 | $0.00 | $0.00 | $60,000.00 | $60,000.00 | See paragraphs 37 through 40 of Franks affidavit. |
| Claims To Be Expunged Totals | 2 | $0.00 | $0.00 | $476,021.00 | $136,946.72 | $612,967.72 | |

* Old Republic Workers' Compensation Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

## Miscellaneous Reduce and/or Reclass and Allow Claims

**D**

In re: Fleming Companies, Inc., et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Modified Amount | | | | | Reason For Modification* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| BRADLEY OPERATING LIMITED PARTNERSHIP EDWARD W VALANZOLA 10TH FL 535 BOYLSTON ST BOSTON, FL BOSTON, MA 2116 | 13093 | $0.00 | $0.00 | $32,342.42 | $696,313.32 | $728,655.74 | $0.00 | $7,671.10 | $0.00 | $720,984.64 | $728,655.74 | See paragraphs 42 through 43 of Franks affidavit. |
| BRADLEY OPERATING LIMITED PARTNERSHIP EDWARD W VALANZOLA 535 BOYLSTON STREET 10TH FLOOR BOSTON, MA 2116 | 13099 | $0.00 | $0.00 | $16,578.08 | $564,114.98 | $581,093.06 | $0.00 | $14,536.17 | $0.00 | $566,556.89 | $581,093.06 | See paragraphs 44 through 45 of Franks affidavit. |
| BRADLEY OPERATING LIMITED PARTNERSHIP EDWARD W VALANZOLA DARTMOUTH ST/6TH FL BOSTON, MA 02116 | 18579 | $0.00 | $0.00 | $166,322.25 | $242,100.00 | $408,422.25 | $0.00 | $73,279.76 | $0.00 | $335,142.49 | $408,422.25 | See paragraphs 46 through 47 of Franks affidavit. |
| BRADLEY OPERATING LIMITED PARTNERSHIP EDWARD W VALANZOLA DARTMOUTH ST/6TH FL BOSTON, MA 02116 | 18580 | $0.00 | $0.00 | $220,891.38 | $323,144.56 | $544,035.94 | $0.00 | $139,081.47 | $0.00 | $404,954.47 | $544,035.94 | See paragraphs 48 through 49 of Franks affidavit. |
| CITIZENS & NORTHERN BANK 90 92 MAIN ST WELLSBORO, PA 16901 | 11590 | $0.00 | $0.00 | | $375,000.00 | $375,000.00 | $0.00 | $0.00 | $0.00 | $129,000.00 | $129,000.00 | See paragraphs 50 through 51 of Franks affidavit. |
| CROSSET COMPANY ATTN TIM SLAUGHTER PO Box 721610 NEWPORT, KY 41072-1610 | 11090 | $0.00 | $0.00 | | $3,309,807.37 | $3,309,807.37 | $0.00 | $0.00 | $0.00 | $457,028.59 | $457,028.59 | See paragraphs 52 through 54 of Franks affidavit. |
| CROSSET COMPANY ATTN TIM SLAUGHTER PO Box 721610 NEWPORT, KY 41072-1610 | 11091 | $0.00 | $0.00 | | $9,153,649.49 | $9,153,649.49 | $0.00 | $0.00 | $0.00 | $30,854.00 | $30,854.00 | See paragraphs 55 through 56 of Franks affidavit. |
| DDB LIMITED PARTNERSHIP C/O JOHN C PHILLIPS JR ESQUIRE 1200 NORTH BROOM ST PHILLIPS GOLDMAN & SPENCE PA WILMINGTON, DE 19806 | 14088 | $0.00 | $0.00 | | $1,311,818.75 | $1,311,818.75 | $0.00 | $0.00 | $0.00 | $604,000.00 | $604,000.00 | See paragraphs 57 through 58 of Franks affidavit. |

* Miscellaneous Reduce and/or Reclass and Allow Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

# D

## Miscellaneous Reduce and/or Reclass and Allow Claims

In re: Fleming Companies, In et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claims Number | Claim Amount | | | | | Modified Amount | | | | | Reason For Modification* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| QUAIL PLAZA SHOPPING CENTER, LP MORRIS ENTERPRISES PO Box 26570 OKLAHOMA CITY, OK 73156-0570 | 7169 | $0.00 | $0.00 | $0.00 | $446,003.66 | $446,003.66 | $0.00 | $0.00 | $0.00 | $340,033.27 | $340,033.27 | See paragraphs 60 through 64 of Franks affidavit. |
| SHADRALL ASSOCIATES 50 TICE BLVD WOODCLIFF LAKE, NJ 7677 | 18257 | $0.00 | $0.00 | $0.00 | $2,104,696.25 | $2,104,696.25 | $0.00 | $0.00 | $0.00 | $1,484,696.25 | $1,484,696.25 | See paragraphs 59 through 60 of Franks affidavit. |
| SOLVESON, JOHN & EDNA JEFFREY W LEASURE PO Box 61169 FORT MYERS, FL 33906-1169 | 10109 | $0.00 | $0.00 | $0.00 | $197,616.16 | $197,616.16 | $0.00 | $0.00 | $0.00 | $122,616.16 | $122,616.16 | See paragraphs 61 through 62 of Franks affidavit. |
| Claims To Be Reclassed and Allowed Totals | 11 | $0.00 | $0.00 | $435,534.23 | $20,727,324.54 | $21,163,858.77 | $0.00 | $233,568.50 | $0.00 | $5,200,416.76 | $5,433,985.26 | |

* Miscellaneous Reduce and/or Reclass and Allow Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

E

## Employee No Liability Claims

In re: Fleming Companies, In et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Reason For Disallowance* |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Secured | Administrative | Priority | Unsecured | Total | |
| D'AMATO, ROSA<br>2320 N BOOTH ST<br>MILWAUKEE, WI 53212 | 5774 | $0.00 | $0.00 | $17,710.00 | $0.00 | $17,710.00 | See paragraphs 66 through 67 of Franks affidavit. |
| SAN MIGUEL, ELIZABETH<br>PO Box 71243<br>BAKERSFIELD, CA 93387 | 18301 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | See paragraph 68 of Franks affidavit. |
| SHELMIRE, JESSE<br>5100 MACK RD<br>#214<br>SACRAMENTO, CA 95823 | 16729 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraph 69 of Franks affidavit. |
| Claims To Be Expunged Totals | 3 | $0.00 | $0.00 | $17,710.00 | $50,000.00 | $67,710.00 | |

\* Employee No Liability Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

51st Omnibus

**F**

**Employee Reduce and/or Reclass and Allow Claims**

In re: Fleming Companies, In. _et al._
Case No. 03-10945 (MFW)
(Jointly Administered)

| Name and Address of Claimant | Claims Number | Claim Amount | | | | | Modified Amount | | | | | Reason For Modification[4] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
| FUST, CAROLE 56 INDIAN HILLS DR CIRCLE PINES, MN 55014 | 5761 | $0.00 | | $9,692.32 | $0.00 | $9,692.32 | $0.00 | $0.00 | $9,039.86 | $652.46 | $9,692.32 | See paragraphs 71 through 72 of Franks affidavit. |
| JIMENEZ, HECTOR 1314 41ST ST LUBBOCK, TX 79412 | 7908 | $0.00 | | $0.00 | $11,850.00 | $11,850.00 | $0.00 | $2,400.00 | $0.00 | $0.00 | $2,400.00 | See paragraphs 73 through 75 of Franks affidavit. |
| LABEAU, TIMOTHY 9705 ROCKY POINT CLARENCE, NY 14031-1588 | 6257 | $0.00 | | $0.00 | $171,119.50 | $171,119.50 | $0.00 | $0.00 | $0.00 | $769.48 | $769.48 | See paragraph 76 of Franks affidavit. |
| LINDBERG, RODNEY 134 E LEGION RD HOLMEN, WI 54636 | 14061 | $0.00 | | $2,322.00 | $17,000.00 | $19,322.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 77 through 78 of Franks affidavit. |
| TORRES, BALTAZAR 1999 W N TEMPLE #42 SALT LAKE CITY, UT 84116 | 6905 | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $2,136.00 | $0.00 | $0.00 | $2,136.00 | See paragraphs 79 through 80 of Franks affidavit. |
| **Claims To Be Reclassed and Allowed Totals** | **5** | **$0.00** | **$0.00** | **$12,014.32** | **$199,969.50** | **$211,983.82** | **$0.00** | **$4,536.00** | **$9,039.86** | **$7,421.94** | **$14,997.80** | |

[4] Employee Reduce and/or Reclass and Allow Claims are as defined in the Debtors' Fifty-First Omnibus Objection to Claims (Substantive).

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due:  July 23, 2007** |
| | ) | **Hearing Date: July 30, 2007 at 9:30 a.m. EST** |
| | ) | |

## NOTICE OF HEARING ON THE PCT'S
## <u>SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)</u>

PLEASE TAKE NOTICE that on June 11, 2007, the PCT[2] filed its *Sixty-Fourth Omnibus*

*Objection to Claims* with the United States Bankruptcy Court for the District of Delaware.

The PCT now serves a copy of the *PCT's Sixty-Fourth Omnibus Objection to Claims*,

together with this Notice, on (a) claimants with pending claims subject to the *PCT's Sixty-Fourth*

*Omnibus Objection to Claims*; (b) the Office of the United States Trustee; and (c) those who

have requested special notice pursuant to the Court's October 20, 2004 order limiting service.

(D.I. 9696).

If you have received this Notice, you may have filed one or more claims subject to the

*Sixty-Fourth Omnibus Objection*.  In its *Sixty-Fourth Omnibus Objection*, the PCT has requested

that the Court enter an order reducing and allowing three personal injury claims filed in these

bankruptcy cases.  If you have questions or concerns regarding this objection, please contact

**Cecilia Reyes of Kirkland & Ellis LLP at (213) 680-8400.**

---

[1]   The former Debtors whose cases are still open are Core-Mark International, Inc. and Fleming Companies, Inc.

[2]   The PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004.  The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

IF YOU CONTEST THE RELIEF SOUGHT IN THE SIXTY-FOURTH OMNIBUS

OBJECTION, YOU MUST FILE A WRITTEN RESPONSE with the Clerk of the Bankruptcy

Court, 824 North Market Street, Wilmington, DE 19801, **on or before JULY 23, 2007**. At the

same time, you must also serve a copy of the response upon **Kirkland & Ellis LLP, 777 South**

**Figueroa Street, Los Angeles, CA 90017-5800, Attn: Erin Brady, Esq. and Wade**

**Ackerman, Esq., so as to be received on or before JULY 23, 2007**. It is likely that the Court

will only consider those responses timely filed and received by the above-listed counsel in

accordance with this Notice.

The PCT is concurrently filing a motion requesting that the Delaware District Court

withdraw the reference of the *Sixty-Fourth Omnibus Objection*. If the motion is granted, the

Delaware District Court will be responsible for deciding the matters set forth in the *Sixty-Fourth*

*Omnibus Objection*. The PCT anticipates that the District Court will set a hearing or status

conference with respect to the *Sixty-Fourth Omnibus Objection*, and you will receive a separate

notice of any such hearing or status conference.

You should read this Notice and the accompanying papers carefully and discuss them

with your attorney, if appropriate. Be aware that one or more of your asserted claims may be

affected by virtue of the relief sought in the *Sixty-Fourth Omnibus Objection*.

If you choose to file a response to the *Sixty-Fourth Omnibus Objection*, your response

must contain, at a minimum, the following:

        (a)    A caption setting forth the name of the Court, the name of the Debtors, the

case number and the title of the objection to which the response is directed;

        (b)    Your name (or, if applicable, the name of the claimant) and a description

of the basis for the amount of the claim;

2

(c)    The specific factual basis and supporting legal argument upon which you will rely in opposing the *Sixty-Fourth Omnibus Objection*;

(d)    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or the Debtors' claims agent, upon which you will rely to support the basis for and amounts asserted in the proof of claim;

(e)    The address to which the PCT must serve any reply to the response; and

(f)    The name, address, and telephone number of the person (you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the response on your behalf.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.  YOU DO NOT NEED TO FILE A RESPONSE TO THE SIXTY-FOURTH OMNIBUS OBJECTION IF YOU DO NOT CONTEST THE RELIEF REQUESTED THEREIN.  THIS OBJECTION MAY AFFECT YOUR RIGHTS AGAINST THE DEBTORS' ESTATES.

The PCT reserves the right to:  (a) adjourn any hearing that is or may be scheduled with respect to the *Sixty-Fourth Omnibus Objection*; (b) reply to any papers filed in response to the *Sixty-Fourth Omnibus Objection*; and (c) amend or supplement its objection to any of the claims set forth in the *Sixty-Fourth Omnibus Objection* on any grounds.  Should the PCT amend or supplement its objection to your claim, it will provide you with separate notice and the PCT will schedule a new hearing.

Dated:  June 11, 2007

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

_James O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (312) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

*Co-Counsel for the Post Confirmation Trust*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due:  July 23, 2007** |
| | ) | **Hearing Date: July 30, 2007 at 9:30 a.m. EST** |

## <u>PCT'S SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)</u>

The Post Confirmation Trust ("PCT")[2] now brings its *Sixty-Fourth Omnibus Objection to Claims* seeking an order reducing and allowing three personal injury claims currently pending in these bankruptcy cases.  In support of this objection, the PCT respectfully states as follows:

### <u>Jurisdiction</u>

1.      This Court has jurisdiction over the *Sixty-Fourth Omnibus Objection* pursuant to 28 U.S.C. § 1334.  This matter is a non-core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2.      The bases for the relief requested are 11 U.S.C. §§ 105(a) and 502, Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[1]    The former Debtors whose cases are still open are Core-Mark International, Inc. and Fleming Companies, Inc.

[2]    PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code and the Post-Confirmation Trust Agreement dated August 19, 2004.  PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

**Background**

3.      On April 1, 2003 (the "Petition Date"), the above-captioned Debtors, including

Fleming Companies, Inc. ("Fleming"), each filed a voluntary petition for relief under chapter 11

of title 11 of the United States Code (as amended, the "Bankruptcy Code").

4.      On July 27, 2004, this Court entered an order confirming the *Debtors' and*

*Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of*

*Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the*

*Bankruptcy Code* (the "Plan"). The Plan became effective on August 23, 2004. On the Plan's

effective date, the cash and other assets of the Debtors and their estates were transferred to the

PCT, the RCT, or the Reorganized Debtors, as applicable. *See* Plan at Art. V.G.3.

5.      PCT has the authority to bring this *Sixty-Fourth Omnibus Objection*. *See* Plan at

Art. X.A.

**Factual Backgound**

6.      The PCT objects to the three proofs of claims set forth on Exhibit A, all of which

are personal injury claims, and asks that the Court reduce and allow the claims as set forth on

Exhibit A.[3]

7.      Over the duration of the Debtors' bankruptcy cases, individuals asserted 157

unsecured personal injury claims against the Debtors' estates. Most claimants filed their claims

with little or no supporting documentation. And due to the nature of the asserted claims --

personal injury -- the PCT rarely had any documents or other supporting information with which

to evaluate or validate the claims. Accordingly, beginning in early 2006, the PCT began to

---

[3]     The facts set forth in this Objection are supported by the *Affidavit of John Franks in Support of the PCT's Sixty-Fourth Omnibus Objection to Claims (Substantive)* ("Franks Affidavit"), filed concurrently with this Objection.

contact each individual personal injury claimant to request supporting documentation and to begin a settlement dialogue.

8.    During this process, the PCT contacted each of the three claimants subject to this objection. Two of the claimants -- Marty Sigue and Tiffany Herbert -- provided additional documentation to support their respective claims. That said, the additional information did not support their claims in the amounts they asserted on their respective proofs of claim. Accordingly, upon reviewing and validating the additional documentation, the PCT made each of these claimants a settlement offer for at least the amount validated by the documents the claimants provided. Both claimants declined the offer and refused to make a counteroffer.

9.    The third claimant, William Mortellaro, did not provide any additional documentation in response to the PCT's request. The PCT nonetheless used information it obtained from the Debtors' insurer (with whom Mr. Mortellaro had made a claim) to make a settlement offer. Mr. Mortellaro declined this offer and, like Mr. Sigue and Ms. Herbert, refused to make a counteroffer.

10.   Litigating these (or any) personal injury claims will prove costly for both claimants and the PCT (particularly in light of the relatively low return these unsecured claims will reap). Accordingly, the PCT has tried diligently to resolve these claims consensually outside of the courts. Nonetheless, the PCT has now hit an impasse with respect to the claims subject to this objection, and it does not believe it can resolve these claims without court intervention. The PCT believes that a viable next step may be court-ordered mediation and urges the Court to consider this possibility when reviewing and evaluating this objection.

3

## The Legal Basis for Relief

11.     The PCT objects to the three claims set forth on Exhibit A on the legal basis that
these claimants have not met their burden of proof in asserting their alleged claims against the
Debtors' estates.

12.     When asserting a proof of claim against a bankrupt estate, a claimant must allege
facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re
Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (claimants must alleged facts sufficient to
support a legal liability to the claimant before the claim is *prima facie* valid); *Matter of Int'l
Match Corp.*, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege
facts from which legal liability can be seen to exist). As discussed more fully below and in the
Franks Affidavit, the claimants listed on Exhibit A did not provide sufficient information in their
claims to support any finding -- or even presumption -- of liability in amounts greater than the
amounts proposed by the PCT on Exhibit A.

13.     Specifically, the PCT personally contacted each of the claimants subject to this
objection and asked each claimant to provide the information necessary to support his or her
claim in the amount asserted. The PCT carefully assessed any information provided regarding,
among other things, the circumstances of the claimant's alleged injuries, the Debtors'
involvement in the claimant's alleged injuries, the extent of the claimant's alleged injuries or the
claimant's out-of-pocket costs relating to the alleged injuries. After this review, the PCT, in its
fiduciary capacity, extended settlement offers that it deemed fair and reasonable based on the
proofs of claim, the documentation it had received and any information it had obtained from a
third-party (i.e., the Debtors' insurer). Ultimately, all three claimants rejected the PCT's offers
and made no counteroffers in response. Accordingly, the PCT now requests that the Court

4

reduce and allow each claimant's claim in the amount listed in Exhibit A, which amount was derived from the evidence each claimant provided in support of its respective claim (and, where available, from documents obtained from the Debtors' insurer). *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173.[4]

### Reservation of Rights

14.     The PCT reserves the right, upon obtaining leave (where necessary), to formally reply to any written response filed with respect to this objection. The PCT also reserves the right, consistent with the local rules of this District, Orders of the Court, and any other applicable law, to amend, modify and/or supplement this objection. Finally, the PCT expressly reserves any rights it may have to exercise its right of setoff against the holders of claims subject to this objection.

### Notice

15.     The PCT will serve copies of this objection (together with the exhibit) on (a) claimants with pending claims subject to the *Sixty-Fourth Omnibus Objection*, (b) the Office of the United States Trustee and (c) those who have requested special notice pursuant to the Court's October 20, 2004 order limiting service. (D.I. 9696). As a result, notice of this *Sixty-Fourth Omnibus Objection* is sufficient under Rule 3007 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, and no further notice is necessary.

### No Previous Request

16.     No previous request for the relief set forth herein with respect to the claims set forth on Exhibit A has been made to this or any other court.

---

4       If these creditors subsequently (and timely) provide information to support the validity of their claim in an amount greater than that listed on Exhibit A, the PCT will consider that information and, if appropriate, withdraw or amend this objection.

## Conclusion

WHEREFORE, PCT respectfully requests that the Court reduce and allow the claims set forth on Exhibit A attached hereto, and grant any further relief that the Court deems just and proper.

Dated: June 11, 2007

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP


Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (312) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

*Co-Counsel for the Post Confirmation Trust*

6

# EXHIBIT A

64th Omnibus

In re: Fleming Companies, In et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

**A**

## Reduce and Allow Personal Injury Claims

| Name and Address of Claimant | Claim Number | Claim Amount | | | | | Modified Amount | | | | | Reason For Modification* |
| | | Secured | Admin | Priority | Unsecured | Total | Secured | Admin | Priority | Unsecured | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEBERT, TIFFANY, MARY & ROBERT DAMON BALDONE & ASSOCIATES APLC 162 NEW ORLEANS BLVD HOUMA, LA 70360 | 7492 | $0.00 | $0.00 | $0.00 | $500,000.00 | $500,000.00 | $0.00 | $0.00 | $0.00 | $18,000.00 | $18,000.00 | See paragraphs 11 through 13 of Franks affidavit. |
| LOTIEMPO & BROWN 181 FRANKLIN ST BUFFALO, NY 14202 | 4724 | $0.00 | $0.00 | $0.00 | $3,500,000.00 | $3,500,000.00 | $0.00 | $0.00 | $0.00 | $300,000.00 | $300,000.00 | See paragraphs 6 through 8 of Franks affidavit. |
| SIGUE, MARTY C/O ATTORNEY ROYALE COBLERT PO Box 3016 LAFAYETTE, LA 70502 | 12077 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | See paragraphs 9 through 10 of Franks affidavit. |
| **Claims To Be Reclassed and Allowed Totals** | 3 | $0.00 | $0.00 | $0.00 | $4,000,000.00 | $4,000,000.00 | $0.00 | $0.00 | $0.00 | $343,000.00 | $343,000.00 | |

\* Reduce and Allow Personal Injury Claims are as defined in the Debtors' Sixty-Fourth Omnibus Objection to Claims (Substantive).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Relates to Docket No. _____ |

## ORDER GRANTING THE PCT'S
## <u>SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)</u>

Upon consideration of the *PCT's*[2] *Sixty-Fourth Omnibus Objection To Claims*

*(Substantive)* seeking entry of an order reducing and allowing certain claims; and no previous

application having been made; and it appearing that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a non-core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(B); and it appearing that venue of the proceeding and the

*Sixty-Fourth Omnibus Objection* is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice having been given and no further notice being required; and after due deliberation

and sufficient cause appearing therefor, it is hereby

ORDERED that the *Sixty-Fourth Omnibus Objection* is sustained; and it is further

ORDERED that each of the claims listed on <u>Exhibit A</u> to this Order is allowed in the

amount set forth on <u>Exhibit A</u>; and it is further

---

[1]    The Debtors were:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2]    Capitalized terms not defined herein are as defined in the *PCT's Sixty-Fourth Omnibus Objection to Claims.*

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2007

_____

# EXHIBIT 4

Westlaw.

Not Reported in F.Supp.2d                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
In re Northwestern Corp.
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
In re: NORTHWESTERN CORPORATION,
Debtor.
ESTATE OF Orval MEYER, Plaintiff,
v.
NORTHWESTERN CORPORATION, aka
Northwestern Public Service Company, aka
Montana Power LLC, aka Northwestern Energy,
aka Northwestern Energy-Montana, Defendant.
No. 03-12872 CGC, 04-167 JJF.

April 29, 2004.

James P. Harrington, and Frank Burgess, Butte,
Montana, for Plaintiff.
Charles Michael Terribile, of Greenburg Traurig,
LLP, Wilmington, Delaware, for Defendant.
Mark S. Kenney, Office of the United States
Trustee, Wilmington, Delaware, for United States
Trustee.
Charlene D. Davis, of the Bayard Firm,
Wilmington, Delaware, for the Official Committee
of Unsecured Creditors.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Presently before the Court is the Motion For
Withdrawal Of Reference And Transfer To United
States District Court In Judicial District Of
Montana, Butte Division filed by the Estate of
Orval Meyer ("Plaintiff"). (D.I.1.) For the reasons
discussed, the Court will grant the Motion.

BACKGROUND

On July 13, 1999, a City of Helena bus struck an
overhead gas heater when entering its bus barn,
separating the gas line and causing the bus barn to

fill with gas. The following morning, Orval Meyer
opened the bus barn garage door and the gas
exploded. Mr. Meyer passed away a few days later
from his injuries. Mr. Meyer's Estate ("Plaintiff")
brought a personal injury and wrongful death
lawsuit against the City of Helena, the Montana
Power Company, and its successor, Northwestern
Energy, L.L.C. ("Northwestern"), on July 22, 2002,
in Montana state court.

Northwestern is a wholly owned subsidiary of
Northwestern Corporation, a Delaware corporation
currently in Chapter 11 bankruptcy in the United
States Bankruptcy Court in the District of Delaware
(the "Delaware Bankruptcy"). Northwestern is not a
named party in the Delaware Bankruptcy. By its
Motion, Plaintiff moves the Court to withdraw the
reference and transfer this action to the United
States District Court in the Judicial District of
Montana, Butte Division ("Montana District Court"
).[FN1]

> FN1. Respondents did not file an
> opposition brief to Plaintiff's Motion, and
> therefore, the Court will dispose of the
> instant matter on the limited record before
> it.

DISCUSSION

I. Permissive Withdrawal [FN2]

> FN2. Because Northwestern is not a named
> party in the Delaware Bankruptcy and only
> a subsidiary of the Debtor, the automatic
> stay does not prohibit the Court from
> addressing the merits of the instant motion.
> *See Maritime Elec. Co., Inc. v. United
> Jersey Bank,* 959 F.2d 1194, 1205 (3d
> Cir.1992).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 2

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

The Court is persuaded that Plaintiff has shown sufficient "cause" to justify permissive withdrawal. The first sentence of Section 157(d) provides that a district court may withdraw the reference of any case under this section "for cause." Courts in the Third Circuit have enumerated a number of factors that may constitute "cause," including: the goal of promoting uniformity in bankruptcy administration, whether the action is core or noncore, judicial efficiency, and discouraging forum shopping. *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (citing *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)); *In re G-I Holdings, Inc.,* 295 B.R. 211, 216 (D.N.J.2003).

The Court concludes that permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiff's claims. Section 157(b)(5) provides:
The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action. *See Hansen v. Borough of Seaside Park,* 164 B.R. 482, 485-86 (D.N.J.1994) (citing *Vinci v. Town of Carmel,* 108 B.R. 439, 441-42 (Bankr.S.D.N.Y.1989)); *In re Manidis,* Bankr.Adv. No. 93-0181, 1994 WL 250072, *6-7 (Bankr.E.D.Pa. May 27, 1994) (citations omitted). Accordingly, the Court concludes that permissive withdrawal is appropriate. *See In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993).

II. Transfer Pursuant To 28 U.S.C. § 157(b)(5)

*2 The Court also concludes that a transfer to the Montana District Court is appropriate in this case. As cited above, Section 157(b)(5) permits a district court to order personal injury and wrongful death claims to be tried in the district where the bankruptcy action is proceeding or in the district where the claim arose. In the Court's view, the circumstances in this case require the Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in Montana. Also, Plaintiff has indicated its intention to consolidate the instant action with the pending Montana state court action if the instant action is transferred to the Montana District Court. (D.I. 2 at 3.) Further, the claims in the instant action involve Montana tort principles and all of the expert and fact witnesses reside in that state. *Id.* at 10. Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

CONCLUSION

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

*ORDER*

At Wilmington, this *29* day of April, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1) The Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by the Estate of Orval Meyer ("Plaintiff") (D.I.1) is *GRANTED;*
a) The reference to the Bankruptcy Court is *WITHDRAWN* pursuant to 28 U.S.C. § 157(d);
b) This matter is transferred to the United States District Court in the Judicial District of Montana, Butte Division.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


D.Del.,2004.
In re Northwestern Corp.
Not Reported in F.Supp.2d, 2004 WL 1044383
(D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER WITHDRAWING THE REFERENCE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Upon consideration the PCT's motion to for an order withdrawing the reference to

the United States Bankruptcy Court for the District of Delaware with respect to the PCT's

objections to certain personal injury claims; and it appearing that the relief requested herein is in

the best interests of the PCT, the PCT, and its creditors; and notice of the PCT's motion having

been provided to (i) the United States Trustee; (ii) the claimants subject to the PCT's objections;

and (iii) all parties that have requested special notice pursuant to the Court's October 20, 2004

order limiting service; and it appearing that no other or further notice need be given; and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.     The Motion is granted.

2.     The District Court for the District of Delaware hereby withdraws the

reference with respect to claims 6900 (David Milstead) and 13592 (Richard J. Adamcik) in the

*PCT's Fiftieth Omnibus Objection to Claims* currently pending in case number 03-10945

(MFW).

---

[1]     The former Debtors whose cases are still open are Core-Mark International, Inc. and Fleming Companies, Inc.

3.    The District Court for the District of Delaware hereby withdraws the

reference with respect to claims 13105 (Richard J. Adamcik) and 13106 (Michael D. Marin, Sr.)

in the *PCT's Fifty-First Omnibus Objection to Claims* currently pending in case number 03-

10945 (MFW).

4.    The District Court for the District of Delaware hereby withdraws the

reference with respect to *PCT's Sixty-Fourth Omnibus Objection to Claims* currently pending in

case number 03-10945 (MFW).

5.    The District Court shall hold a status conference on this matter on

_____ at _____. The PCT shall give the claimants written notice of the time and

place of this status conference on or before _____.

Dated: _____

                                                      _____

**TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**Bankruptcy Case #:**                    03-10945-MFW Fleming Companies, Inc.

**Deputy Clerk Transferring Case:**       M. Lopez

**Case Type:**                            Bankruptcy

**Cause of Transmittal:**                 Motion to Withdraw the Reference with Respect to
                                          the PCT's Objections to Personal Injury Claims to
                                          the U.S. District Court

———

revised: 10/20/03

F:\FORMS\TRANSWTH.wpd